STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SAM HOP, PLAINTIFF IN ERROR.

Submitted March 20, 1917—Decided June 22, 1917.

1. In order that a defendant may have the benefit of section 136 of the Criminal Procedure act (*Comp. Stat., p.* 1863), the trial judge must, in addition to the formal and ordinary return to a writ of error, certify that the proceedings transmitted by him to the court of review comprise the entire record of the proceedings had upon trial. And where the defendant neglects to obtain such a certificate, the review is limited to alleged errors arising on the face of the record itself or upon bills of exceptions duly taken.

2. A lack of sufficient evidence to make out the case charged in the indictment is not a ground for arresting judgment. In order to raise such a question there should have been a request to direct an acquittal or to charge in conformity with the contention.

---

On writ of error.

Before Justices TRENCHARD and BLACK.

For the plaintiff in error, *Charles E. S. Simpson.*

For the defendant in error, *Robert S. Hudspeth,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.  The defendant below was convicted in the Hudson Quarter Sessions Court on an indictment for sodomy.

The return to the writ of error is only the formal and ordinary return.  There is no certificate by the trial judge that the proceedings transmitted by him to this court comprise the entire record of the proceedings had upon the trial, such as is required to obtain a review under section 136 of the Criminal Procedure act.  *Comp. Stat., p.* 1863.  Our review is therefore limited to alleged errors arising on the face of the record itself or upon bills of exceptions duly taken.  *State* v. *Webber,* 77 *N. J. L.* 580.

There is no bill of exceptions, and the only assignment of error is "because the court denied the motion made on behalf of the defendant before judgment was announced for an arrest of judgment."

We are of the opinion that such motion was properly denied.  The sole contention made in support of the motion is that there was not sufficient evidence to support the conviction.  But a lack of sufficient evidence is not a ground for arresting judgment.  In order to properly raise such a question there should have been a request to direct an acquittal or to charge in conformity with the contention.  *Powe* v. *State,* 48 *N. J. L.* 34; *State* v. *Kelly,* 84 *Id.* 1.  No such request was made.  However, in order to see that no injustice has been done, we have looked into the question argued and find no merit in it.

The judgment of the court below will be affirmed.